New Jersey Department of Labor,
Workmen's Compensation Bureau.

EMMA BROGLEY, PETITIONER, v. JOHNS-MANVILLE
COMPANY, RESPONDENT.

This is the case of a man, the petitioner's deceased, who was employed as a barber in the barber shop which the respondent company maintained at its hotel at Manville, New Jersey. Said petitioner's deceased left his home * * * bound for his place of employment. The testimony produced in the case shows the petitioner's deceased at that time bore no cuts upon his right thumb.

The facts in the case further show that the petitioner's deceased worked all day Friday, February 11th, 1927, and remained that night at the hotel of the respondent, where he continued to work in the capacity of a coat tender, retiring late that night to a room furnished by respondent for petitioner's use. The following morning, Saturday, February 12th, 1928, he again engaged in the pursuit of his employment as a barber for the Johns-Manville Company.

By stipulation of counsel it was agreed that the petitioner's deceased remained at his employment on Saturday, and ate his noonday meal at respondent's hotel, and then went home.

Immediately upon the arrival of petitioner's deceased at his home, Saturday afternoon, it was discovered by members of the family that he wore a bandage about his thumb. Testimony as to what he told the members of his family, in response to their queries as to what was the matter with his thumb, was ruled out by me as hearsay and not properly admissible. However, the members of petitioner's decedent's family did testify that there was an incised wound upon his

right thumb, which had not been there when the deceased left for the plant on Friday morning. They further testified that the wound was not bleeding, nor was there any fresh blood on the bandage, which would indicate that the wound was of recent origin.

The doctor, who treated the petitioner a short time after the accident, testified the petitioner told him that he had cut his thumb with a razor at the barber shop.

At this stage of the case it might be suggested that the only place the petitioner could have sustained the cut, in view of the facts in the case, and the only method whereby the petitioner could have sustained a cut, of the character the petitioner's decedent had, was at the barber shop, while employed with a razor. The court will take judicial notice that it would be very improbable that the petitioner's decedent cut himself with a razor anywhere other than where he was engaged in using the razor, to wit, the barber shop of the Johns-Manville Company.

There is no question in the case but that the death of the petitioner's deceased resulted as a consequence of infection in the incised wound of decedent's right thumb, which caused a blood poison, resulting in his death. The only fact in issue, and the crux of the present case, is where and by what means the petitioner's deceased met his death.

The *innuendo* of the respondent that the wound was possibly from a splinter or some such cause, was ruled out by the doctor who appeared on behalf of the petitioner, who stated emphatically that it was a sharp incised wound, and was not such as would be caused by a splinter. The fact that the wound was dry, not bleeding, and the bandage showed no signs of fresh blood, when the petitioner's decedent arrived home after leaving the plant when finished with his noonday meal, leads to the inevitable conclusion that the wound must have occurred at some little time previously, certainly much longer than it would take the petitioner to get from the plant to his home. It was stipulated, as stated above, that the petitioner's decedent left the respondent's plant after the noonday meal on Saturday. The testimony in the case

is that he arrived home at about two o'clock. Certainly, if the wound had occurred in transit there would have been evidence of bleeding on the wound, or else fresh blood upon the bandage. This feature has considerable weight as to the time of the occurrence of the said wounding.

On the question of where the wounding occurred, by a process of elimination and deduction, and by the surrounding elements in the case, it can, with reasonable certainty, be said that the petitioner's deceased sustained the incised wound of the right thumb at the plant of the respondent company, while engaged as a barber in the barber shop in said respondent's hotel. The character of the wound, the fact that the petitioner did not have it when he started for work in the morning, and had it when he returned home following his employment, and the fact that his employment was that of a barber, where the use of a razor is the chief prerogative of the employe, is coupled with the fact that the doctor's testimony that he treated the petitioner's decedent, that the petitioner's decedent told him he had cut his thumb with a razor in the barber shop. If any more was necessary, certainly this, under the late case of Wilhelmi *v.* American Railway Express Co. is amply sufficient to found an award in favor of the petitioner and against the respondent, by the preponderance of the evidence, and with all reasonable certainty.

In view of the case of *Minard* v. *West Jersey, &c., Co.,* 74 *N. J. L.* 39, where the court said that circumstantial evidence is very often the only kind of proof obtainable, and that where the circumstances which have been proven in the case furnish sufficient ground for the jury to find that it was reasonably probable that the accident arose in the manner that the plaintiff alleged, the verdict would not be set aside, I have no hesitation in stating that the surrounding facts in this case of—(a) the petitioner's decedent leaving his home, bound for his employment, without any cut on his thumb; (b) his remaining at his place of employment until the following day after the noonday meal; (c) his employment at the plant during the daytime of Friday and Satur-

day as a barber, his regular occupation; (d) his arriving home shortly after leaving respondent's plant, with bandage on his thumb which showed no evidence of bleeding in the wound, or fresh blood upon the bandage; (e) the character of the cut which was a sharp incised wound, such as a razor would most likely make, all lead to the conclusion that the only place that it was reasonably probable that the petitioner's decedent met with his accident was at his place of employment, to wit, the barber shop of the respondent company; and the only way, under the facts elicited in the case, by which it is reasonably probable that the petitioner's decedent sustained the said trauma, is by the cut of a razor which he was accustomed to use in the pursuit of his occupation as barber. This, to my mind, is amply sufficient upon which to found a verdict for the petitioner by the preponderance of evidence. When you add to this the statement of the doctor, which under the late case of Wilhelmi v. American Railway Express, above adverted to, is admissible testimony, then certainly there can be no doubt whatsoever as to where the accident happened and how it happened.

To go into the numerous English cases and American cases, which hold that circumstantial evidence alone is sufficient to base an award on, would be futile and a waste of time, but a few of the cases in our own state, which held to this effect are *Dixon* v. *Andrews, 92 N. J. L. 512*, and *Manziano* v. *Public Service Gas Co., 92 Id. 322; Minard* v. *West Jersey and Seashore Railway Co., 64 Id. 1054*, and also *Queen et al.* v. *Jennings, 93 Id. 353*.

I will, therefore, make an award in favor of the petitioner, and against the respondent, as set forth in my determination of facts and rule for judgment hereto attached and made a part hereof.

CHARLES E. CORBIN,
*Deputy Commissioner.*